UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:23-CV-00146-HBB

AMY E.[1]                                                                                                    PLAINTIFF

VS.

MARTIN O'MALLEY, COMMISSIONER
SOCIAL SECURITY[2]                                                                              DEFENDANT

MEMORANDUM OPINION
AND ORDER

I. BACKGROUND

Before the Court is the Complaint (DN 1) of Amy E. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13) and Defendant (DN 15) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 9). By Order entered on January 3, 2024, (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
2 Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

II.     FINDINGS OF FACT

On March 15, 2021, Plaintiff filed an application for Supplemental Security Income (Tr. 48, 335-36, 344-49). Plaintiff alleged that she became disabled on March 4, 2006, as a result of obesity, depression, deaf in right ear, temporomandibular joint pain ("TMJ"), chronic fatigue, lumbar spine degenerative disc disease ("DDD"), hypothyroidism, neuropathy, glaucoma, and plantar fasciitis (Tr. 48, 173, 182). The application was denied initially on June 14, 2021, and upon reconsideration on October 4, 2021 (Tr. 48, 172, 181). On November 2, 2021, Plaintiff filed a written request for hearing (Tr. 222-24).

On March 15, 2022, Administrative Law Judge Jerry Lovitt ("ALJ") conducted a telephonic hearing due to the extraordinary circumstances presented by the COVID-19 Pandemic (Tr. 48, 120, 122). Plaintiff and her counsel, Mildred Wilson, participated on the call, as did Rebecca Williams, an impartial vocational expert, testified during the hearing (*Id.*). A supplemental hearing was held on August 4, 2022, where Plaintiff and her counsel Mildred Wilson attended, as well as Ashley Wells, a vocational expert (Tr. 71, 73).

In a decision dated September 13, 2022, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 48-64). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 15, 2021, the application date (Tr. 50). At the second step, the ALJ determined that Plaintiff has the following severe impairments: obesity, hearing loss (right ear), degenerative disc disease, neuropathy, planta fasciitis, anxiety, and depression (*Id.*). The ALJ also determined that Plaintiff has the following non-severe impairments: temporomandibular joint (TMJ) pain, lymphadenopathy, glaucoma in the right eye, hyperlipidemia, hypertension, and hypothyroidism (Tr. 51-52). At the third step, the ALJ concluded that Plaintiff does not have an impairment or

2

combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 52-55).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) with the following additional physical and mental limitations: occasional climbing or ramps or stairs; she can perform occasional balancing, stooping, kneeling, and crouching; she cannot perform any crawling; climbing of ladders, ropes, or scaffolds; she cannot work around unprotected heights; she can tolerate no more than frequent exposure to temperature extremes and vibrations and with no more than occasional exposure to workplace hazards such as dangerous machinery with moving parts that fail to stop when human contact is lost; she can be exposed to no more than moderate levels of noise as defined in Appendix D of the SCO; she can occasionally operate foot controls with the bilateral lower extremities; she is able to understand, remember, and carry out simple, routine instructions; sustain concentration completing simple, repetitive, routine tasks; she can use judgment in making simple work-related decisions consistent with this type of work; and she requires an occupation with an established and predictable routine and with set procedures in place, and with minimal changes occurring during the workday; she cannot perform manufacturing sector fast-paced production line, quota driven, or production pace assembly line work; she is capable of tolerating frequent interactions with supervisors but only occasional interactions with coworkers, and only occasional, superficial interactions with the general public (Tr. 55). The ALJ found that Plaintiff had no past relevant work (Tr. 63).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 63-64). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national

economy (*Id.*). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from March 15, 2021 through the date of the decision (Tr. 64). Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 332-34). The Appeals Council denied Plaintiff's request for review (Tr. 1-4).

### III. CONCLUSIONS OF LAW

#### A. Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. §

405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

### B. The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Supplemental Security Income to persons with disabilities. 42 U.S.C. § 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an inability to

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § 1382c(a)(3)(A); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. § 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 416.920(a)(4)(i)-(v). Here, the ALJ denied Plaintiff's claim at step five.

1. Arguments of the Parties

Plaintiff argues that the ALJ erred by failing to find that hearing in her left ear was a severe impairment as well as her TMJ (DN 13-1 PageID # 1637). Plaintiff argues that these impairments would require more restrictive limitations. Second, Plaintiff asserts there is medical evidence to shows significant bilateral foot pain from plantar fasciitis which limits her to only performing sedentary work. She also states the ALJ improperly discredited her testimony (*Id.* at 1639-40).

In response, Defendant claims that Plaintiff's step two challenge is an impermissible request for the Court to reweigh evidence and that Plaintiff does not recognize that the ALJ did consider the April 2022 ENT visit (DN 15 PageID # 1647). Defendant counters that Plaintiff fails to show how her TMJ is related to her hearing loss and fails to show it would interfere with her ability to work an eight-hour workday (*Id.* at PageID # 1648). On Plaintiff's RFC challenge, Defendant contends that Plaintiff's argument fails to show what additional restrictions should have been included and Plaintiff is simply impermissibly requesting the Court to reweigh the evidence (*Id.* at PageID # 1650-51).

2. Discussion

  a. *Plaintiff's Step Two Challenge*

At the second step in the sequential evaluation process a claimant must demonstrate she suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . ." 20 C.F.R. § 416.920(a)(4)(ii); SSR 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). To satisfy the "severe" requirement the claimant must demonstrate the impairment or combination of impairments "significantly limit"

his or her physical or mental ability to do "basic work activities." 20 C.F.R. § 416.922(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.922(b). To satisfy the "medically determinable" requirement the claimant must present objective medical evidence (i.e., signs, symptoms, and laboratory findings) that demonstrates the existence of a physical or mental impairment. 20 C.F.R. § 416.921; SSR 16-3p, 2017 WL 5180304, at *11. To satisfy the "duration" requirement the impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 416.909.

Under *Maziarz v. Sec'y of Health & Hum. Servs.*, 837 F.2d 240, 244 (6th Cir. 1987), when, at step two of the sequential evaluation process, an administrative law judge does not find a certain impairment to be "severe" but finds the claimant has other "severe" impairments, generally it is not reversible error if the administrative law judge considers limitations imposed by the severe and non-severe impairments in the remaining steps of the disability analysis. *See also Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 852 (6th Cir. 2020); *Lane v. Kijakazi*, No. CV 6:22-187-KKC, 2024 U.S. Dist. LEXIS 26509, at *5-6 (E.D. Ky. Feb. 15, 2024). Here, the ALJ discussed Plaintiff's left ear hearing loss at steps three and four, denoted with the following:

> Listing 2.10, related to hearing loss, is met when the claimant has an air conduction hearing threshold of 90 decibels or greater in the better ear and average bone conduction hearing threshold of 60 decibels or greater in the better ear. It is not clear that these tests have been performed (Exhibit B9F, B10F, and B21F). Paragraph B of the listing is met when the claimant's better ear produces a word recognition score of 40% or less. In this case, the claimant's word recognition score was 90% in the better ear (Exhibit B21F). Therefore, the undersigned finds that the listing is not met.

(Tr. 52-53).

> The claimant has been treated for hearing loss. On May 17, 2021, she presented at Lake Cumberland Medical Associates where she told providers that her hearing

7

    had improved. However, an audiogram study showed right profound flat hearing loss and normal to mild sloping hearing loss in the left ear. Her word recognition score was poor in the right ear and excellent in the left ear. The claimant was advised to use ear protection in loud environments (Exhibit B9F). The claimant consistently denied tinnitus (Exhibit B10F). In April 2022, providers at Lake Cumberland Medical Associates recommended that the claimant consider cochlear implants or a bicross aids to improve the claimant's hearing (Exhibit B21F). The claimant's audiogram and word recognition results in the left ear indicate that she can function in an environment with moderate noise, but louder noises should be avoided based on her provider's recommendation that she use ear protection to avoid exacerbation of [sic]

(Tr. 58). The ALJ clearly considered Plaintiff's left ear's hearing ability, citing to office treatment records from APRN Marcum, which detailed Plaintiff's asymmetric hearing (Exs. B9F, B10F, B21F). Therefore, it is legally irrelevant that the ALJ found that hearing in her left ear was not a severe impairment.

  To Plaintiff's comment regarding the ALJ's failure to consider her TMJ, it is not clear if she is raising this in connection to her left ear hearing loss or independently. Independently, this argument is not persuasive as the ALJ explicitly discussed why he did not find TMJ to be a severe impairment and, at step four, the ALJ discussed Plaintiff's complaints concerning her TMJ pain. Alternatively, if Plaintiff is making the argument in connection to her hearing loss, it is also not persuasive because Plaintiff fails to present an argument connecting the two impairments as she only mentions APRN Marcum's treatment recommendation (DN 13-1 PageID # 1638).

  *b. Plaintiff's RFC Challenge*

  The RFC determination is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 416.945(a), 416.946(c). Administrative Law Judges make this finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 416.929, 416.945(a)(3), 416.946(c). Thus, in making the RFC determination

Administrative Law Judges must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations. 20 C.F.R. §§ 416.920c, 416.929(a).

Plaintiff asserts that more restrictive limitations were required due to her plantar fasciitis and other foot conditions that limit her ability to stand and walk (DN 13-1 PageID # 1639). Plaintiff cites Dr. Jensen-Stanley's treatment notes of a January 26, 2022 visit and her own testimony (*Id.*).

The ALJ's RFC finding limited Plaintiff to light work and along with the following physical limitations: she can perform occasional climbing of ramps or stairs; she can perform occasional balancing, stooping, kneeling, and crouching; she cannot perform any crawling, climbing of ladders, ropes or scaffolds, or work around unprotected heights; she can tolerate no more than frequent exposure to temperature extremes and vibrations and with no more than occasional exposure to workplace hazards such as dangerous machinery with moving parts that fail to stop when human contact is lost (Tr. 55). When making this finding, the ALJ considered Plaintiff's testimony, her diagnoses, her surgical debridement of the toenails and nail beds, her use of an ankle brace, and her gait has been affected "but not to the degree that she has needed a cane or assistive device that requires the use of an upper extremity" (Tr. 57). The ALJ cited Dr. Jensen-Stanley's treatment notes when finding other medical opinions were not consistent with rest of the medical record (Tr. 60) ("The claimant has undergone treatment for problems with the bilateral ankles including peroneal tendonitis and plantar fasciitis, which has caused loss of strength and limited mobility in both ankles."). Clearly, the ALJ considered and discussed Plaintiff's bilateral foot pain when crafting the RFC. Further, Plaintiff does not articulate how Dr. Jensen-Stanley's treatment notes would warrant a finding that Plaintiff is only capable of

performing sedentary work, not light work, and that the ALJ's decision is not supported by substantial evidence. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997); *Stephenson v. Kijakazi*, No. 1:20-CV-113-DCP, 2021 U.S. Dist. LEXIS 179940, at *6 (E.D. Tenn. Sep. 21, 2021) ("Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived.").

Lastly, Plaintiff briefly contends the ALJ did not properly evaluate Plaintiff's subjective complaints. Courts "generally defer to an ALJ's credibility determination because '[t]he opportunity to observe the demeanor a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing, is invaluable, and should not be discarded lightly.'" *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 531 (6th Cir. 2014) (quoting *Beavers v. Sec. of Health, Ed. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)). If the ALJ finds that the plaintiff has a medically determinable impairment that could reasonably be expected to produce their symptoms, then the ALJ must then evaluate the intensity and persistence of those symptoms to determine how the symptoms limit the plaintiff's capacity for work. 20 C.F.R. § 416.929(c)(1). When making this determination, the ALJ considers objective medical evidence and other evidence like: the plaintiff's daily activities; the location, duration, frequency, and intensity of the plaintiff's pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; forms of treatment other than medication that the plaintiff receives to relieve their symptoms; and other measures used to relieve pain. 20 C.F.R. § 416.929(c)(3)(i)-(vi). The ALJ found Plaintiff's subjective complaints were "somewhat inconsistent because the objective medical evidence generally does not support the alleged loss of function" (Tr. 56) and:

> [t]he claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms are not supported by the overall evidence of record to the extent that they purport to limit her to a greater degree than provided for in the residual functional capacity as set forth, above. After consideration of all of the evidence, including the claimant's testimony, the undersigned concludes that the above residual functional capacity fully accommodates all of the claimant's physical and mental impairments, severe and non-severe, alone and in combination, including all associated symptoms and limitations.

(Tr. 62). The ALJ considered the medical opinions of the record, Plaintiff's diagnoses, her history of impairments, and her obesity (Tr. 56-62). The ALJ complied with the applicable regulations and his decision is supported by substantial evidence.

### C. Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. *Id.* After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenge.

### IV. ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

July 30, 2024

H. Brent Brennenstuhl
**United States Magistrate Judge**

Copies: Counsel